Filed 12/11/24  In re M.F. CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Butte)

----

| | |
|---|---|
| In re M.F., a Person Coming Under the Juvenile Court Law. | C101109 |
| D.L., | (Super. Ct. No. 21DP00134) |
| Movant and Appellant, | |
| v. | |
| BUTTE COUNTY DEPARTMENT OF EMPLOYMENT AND SOCIAL SERVICES, | |
| Plaintiff and Respondent; | |
| A.S., | |
| Real Party in Interest and Respondent. | |

The juvenile court denied respondent Butte County Department of Employment and Social Services's (Department) motion to remove minor M.F. from the home of real party in interest and respondent A.S., M.F.'s de facto parent and prospective adoptive

1

parent. Appellant D.L., M.F.'s great-uncle, motioned the court to change its order arguing placement was more appropriate with him as a relative; the juvenile court denied this motion. D.L. appeals arguing the juvenile court applied the wrong legal standard in denying his motion. We affirm.

FACTUAL AND PROCEDURAL BACKGROUND

On January 14, 2021, Solano County Health and Social Services filed a petition under Welfare and Institutions Code[1] section 300 for one-week-old M.F. alleging (1) the mother tested positive for methamphetamine at birth and M.F. showed signs of drug exposure and (2) there were other circumstances putting M.F. at a substantial risk of serious harm or neglect. The petition also alleged parental rights had been previously terminated for M.F.'s half sibling. In May 2021, M.F. was placed with A.S. The case was transferred to Butte County in July 2021. On August 9, 2022, the juvenile court terminated parental rights.

After the juvenile court terminated parental rights, A.S. requested prospective adoptive parent and de facto parent designations. At the same time, the Department filed an intent to remove M.F. from A.S. under section 366.26, subdivision (n) because D.L., M.F.'s maternal great-uncle who lives in Maine, had been identified as a concurrent plan for adoption of M.F. a year earlier. A.S. objected to removal.

In January 2023, after a contested hearing where an adoption specialist and A.S. testified, the juvenile court found it was not in M.F.'s best interests to remove M.F. from A.S. and found A.S. to be the de facto parent and prospective adoptive parent.

In October 2023, D.L. filed a motion under section 388 requesting the court change its order denying removal from A.S. D.L. argued M.F. should be placed with him and his wife because they are M.F.'s relatives. The motion alleged, with support from

---

[1]     Undesignated section references are to the Welfare and Institutions Code.

D.L.'s declaration, D.L. was not initially notified of M.F.'s placement in foster care. D.L. eventually learned of the placement through family members and reached out to a social worker in August 2021 to request placement. D.L. then had ongoing communications with social workers through termination of parental rights to be approved as a placement for M.F. out of state. D.L. was approved for placement when the intent to remove M.F. from A.S.'s care was filed. D.L. also declared M.F.'s half brother had been placed in his home since 2015.

The trial court held a hearing on D.L.'s motion over several days in January, March, and April 2024. At the hearing several witnesses testified including D.L., D.L.'s wife, A.S., a psychologist, a social worker, and an adoption specialist.

On April 24, 2024, the juvenile court issued a written ruling denying D.L.'s petition. The court found the relative placement preference "applies at disposition and only when a new placement is necessary after disposition." After summarizing the applicable law and the witnesses' testimony, the juvenile court determined "[a] new placement [wa]s not necessary" because the court had previously found "it would not be in [M.F.'s] best interest to remove him." And the court determined D.L. failed to "show by a preponderance of the evidence that there is new evidence or that there are changed circumstances that make a change of placement in the best interests of the child." The juvenile court analyzed several factors for this finding, including stating: "[D]isruption between [M.F.] and [A.S.] and the other children in the home could be traumatic and is something the [c]ourt is putting a lot of weight on. . . . [A.S.] is the only mother [M.F.] knows and the other children in the home are the only siblings that he has known. I'm glad that he has had an opportunity to meet his biological siblings and I hope that contact will continue. I do believe that biological sibling connections are important, as well as familial connections and heritage[;] however, I don't find in this case that those connections outweigh the disruption of the positive attachment and bond that [M.F.] has with the family he is currently placed with." Thus, the juvenile court denied the petition.

D.L. appeals.

DISCUSSION

D.L. argues the juvenile court failed to apply the correct legal standard at the section 388 hearing because it "did not [express an opinion] as to whether placement of the siblings together would be contrary to [M.F.'s] safety or well-being." We disagree.

Determining the applicable legal standard is a legal issue we review " ' "under a de novo or independent standard." ' " (*Orange County Water Dist. v. MAG Aerospace Industries, Inc.* (2017) 12 Cal.App.5th 229, 240.)

Section 388, subdivision (a)(1) permits an interested party to, "upon grounds of change of circumstance or new evidence, petition the court . . . to change, modify, or set aside any order of court previously made or to terminate the jurisdiction of the court." In addition to a change of circumstance or new evidence, the moving party must establish "the proposed change is in the best interest of the child." (*In re Ethan J.* (2015) 236 Cal.App.4th 654, 661, fn. 4; see *In re Kimberly F.* (1997) 56 Cal.App.4th 519, 529 ["The [interested party] must show that the undoing of the prior order would be in the best interests of the child"].)

D.L. sought to change the juvenile court's order denying M.F.'s removal, which the Department originally petitioned for under section 366.26, subdivision (n). Under this subdivision, the court "may designate a current caretaker as a prospective adoptive parent if the child has lived with the caretaker for at least six months, the caretaker currently expresses a commitment to adopt the child, and the caretaker has taken at least one step to facilitate the adoption process." (§ 366.26, subd. (n)(1).) If a qualifying caretaker challenges a decision to remove the child from his or her home (§ 366.26, subd. (n)(3)(A)), the court shall determine "whether the proposed removal of the child from the home of the designated prospective adoptive parent is in the child's best interest. The child may not be removed from the home of the designated prospective adoptive

4

parent unless the court finds that removal is in the child's best interest" (§ 366.26, subd. (n)(3)(B)).

The above statutes establish M.F.'s best interests was the overarching standard for both the original hearing and the subsequent motion to change the order. And this is what the juvenile court analyzed. For D.L.'s motion, after reviewing the extensive testimony provided at the original hearing, the juvenile court reiterated it had previously found removing M.F. from A.S. was not in M.F.'s best interests and then found D.L. failed "to show by a preponderance of the evidence that there is new evidence or that there are changed circumstances that make a change of placement in the best interests of the child." This analysis applies the correct legal standard under section 388.

D.L. relies on section 16002; this does not have the reach he claims it does. Section 16002, subdivision (a)(1) states, in relevant part: "[W]hen siblings have been removed from their home . . . the siblings will be placed together, unless it has been determined that placement together is contrary to the safety or well-being of any sibling." Section 16002 also applies under section 361.3, which mandates courts consider certain factors when "a child is removed from the physical custody of their parents," including "[p]lacement of siblings and half siblings in the same home, unless that placement is found to be contrary to the safety and well-being of any of the siblings, as provided in [s]ection 16002." (§ 361.3, subd. (a)(4).)

Relative placement preferences, including that for siblings, "appl[y] at the disposition hearing and thereafter 'whenever a new placement of the child must be made.' " (*In re M.H.* (2018) 21 Cal.App.5th 1296, 1303; see *id*. at p. 1302; §§ 16002, subd. (a)(1) ["siblings have been removed from their home"], 361.3, subd. (a) ["a child is removed from the physical custody of their parents"].) That is not the case here. The juvenile court found removal from A.S. was not appropriate at the prior hearing because of the best interests of M.F. The juvenile court did consider the sibling relationship in deciding whether to grant the section 388 petition, but it was not required to make this the

5

primary consideration in that proceeding. "The overriding concern of dependency proceedings . . . is not the interest of extended family members but the interest of the child. '[R]egardless of the relative placement preference, the fundamental duty of the court is to assure the best interests of the child, whose bond with a foster parent may require that placement with a relative be rejected.' " (*In re Lauren R.* (2007) 148 Cal.App.4th 841, 855.) This holds true even in the unfortunate "circumstances like those here, in which an out-of-state relative expresses interest in placement shortly after removal [from a parent] but is unavailable for immediate placement for reasons beyond the relative's control." (*In re M.H.*, at p. 1303.)

We conclude the juvenile court applied the correct legal standard in denying D.L.'s section 388 petition. We therefore must affirm the juvenile court's order.

## DISPOSITION

The juvenile court's order is affirmed.


/s/
ROBIE, Acting P. J.


We concur:


/s/
MAURO, J.


/s/
MESIWALA, J.